UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FIDEL GONZALEZ,

                Petitioner,

vs.                          Case No.   2:09-cv-786-FtM-29DNF
                          Case No.   2:05-cr-119-FtM-29DNF

UNITED STATES OF AMERICA,

                Respondent.

_____

## OPINION AND ORDER

This matter comes before the Court on Fidel Gonzalez's ("Petitioner") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #261)[1].   Petitioner filed a Memorandum of Law with Appended Exhibits in Support of Movant's Pro Se Motion to Vacate, Set Aside or Correct a Federal Sentence or Conviction Pursuant to 28 U.S.C. § 2255 (Cv. Doc. #7).   The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Cv. Doc. #10), and Petitioner filed a Reply (Cv. Doc. #13).

---

[1]The Court will make reference to the dockets in the instant action and in the related criminal case throughout this Opinion and Order.   The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

**I.**

On June 29, 2006, a federal grand jury in Fort Myers, Florida, returned a two-count Superseding Indictment (Cr. Doc. #73) against petitioner Fidel Gonzalez (petitioner or Gonzalez) and his brother, co-defendant Carlos Andres Gonzalez.  In Count One, both defendants were charged with conspiracy to possess with intent to distribute more than 1,000 marijuana plants from in or about September 2001, through and including May 17, 2005, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii), and 846.  In Count Two, both defendants were charged with possession with intent to distribute more than 100 marijuana plants from in or about September 2001, through and including May 17, 2005, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii), and 18 U.S.C. § 2.  The Superseding Indictment also contained a forfeiture provision.

The case proceeded to a joint jury trial on March 13, 2007. On March 22, 2007, petitioner was found guilty of Count One and not guilty of Count Two.  (Cr. Doc. #191.) Co-defendant Carlos Gonzalez was found guilty of both counts.  On July 31, 2007, petitioner was sentenced to a term of imprisonment of 120 months, followed by a term of supervised release of five years. (Cr. Doc. #226.)  A forfeiture money judgment in the amount of $1,290,000 was also entered against Petitioner. (Cr. Doc #224.)

Petitioner appealed his conviction and sentence (see Cr. Doc. #231), and on August 12, 2008, the Court of Appeals for the

-2-

Eleventh Circuit affirmed (Cr. Doc. #257). <u>United States v.</u>
<u>Gonzalez</u>, 279 F. App'x 806 (11th Cir. 2008). Petitioner's request
for certiorari review was denied by the United States Supreme Court
on December 8, 2008. <u>Gonzalez v. United States</u>, 129 S. Ct. 741
(2008). The matter is now before the Court on petitioner's timely
§ 2255 motion. Because petitioner is proceeding *pro se*, his
pleadings are construed liberally. <u>Tannenbaum v. United States</u>, 148
F.3d 1262, 1263 (11th Cir. 1998).

**II.**

Petitioner raises multiple claims of ineffective assistance of
counsel in his § 2255 motion and Memorandum of Law. The Court sets
forth the applicable legal principles, and then applies them to the
issues raised by petitioner.

**A. Ineffective Assistance of Counsel Principles**

To prevail on a claim of ineffective assistance of counsel, a
habeas petitioner must demonstrate both (1) that his counsel's
performance was deficient, and (2) a reasonable probability that
the deficient performance prejudiced the defense. <u>Strickland v.</u>
<u>Washington</u>, 466 U.S. 668, 687, 694 (1984). Generally, a court
first determines whether counsel's performance fell below an
objective standard of reasonableness, and then determines whether
there is a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been
different. <u>Padilla v. Kentucky</u>, 130 S. Ct. 1473, 1482 (2010). A

court need not address both prongs of the <u>Strickland</u> test, however, if a petitioner makes an insufficient showing as to either prong. <u>Dingle v. Sec'y for the Dep't of Corr.</u>, 480 F.3d 1092, 1100 (11th Cir. 2007); <u>Holladay v. Haley</u>, 209 F.3d 1243, 1248 (11th Cir. 2000).

"As to counsel's performance, 'the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices.'" <u>Reed v. Sec'y, Fla. Dep't of Corr.</u>, 593 F.3d 1217, 1240 (11th Cir. 2010) (quoting <u>Bobby v. Van Hook</u>, 130 S. Ct. 13, 17 (2009)), <u>cert. denied</u>, 131 S. Ct. 177 (2010). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000) (quoting <u>Strickland</u>, 466 U.S. at 690). This judicial scrutiny is highly deferential, and the court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689-90. To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. <u>Hall v. Thomas</u>, 611 F.3d 1259, 1290 (11th Cir. 2010); <u>Grayson v. Thompson</u>, 257 F.3d 1194, 1216 (11th Cir. 2001). Further, "strategic choices made after [a] thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than a complete investigation are reasonable precisely to the extent that

reasonable professional judgments support the limitations on investigations." Reed, 593 F.3d at 1240 (quoting Strickland, 466 U.S. at 690-91).  Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992). "To state the obvious: the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable.  But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

To establish prejudice under Strickland, petitioner must show more than that the error had "some conceivable effect on the outcome of the proceeding."  Marquard v. Sec'y for the Dep't of Corr., 429 F.3d 1278, 1305 (11th Cir. 2005) (quotation marks omitted). "Rather, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (quotation marks omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

The same deficient performance and prejudice standards apply to appellate counsel. Smith v. Robbins, 528 U.S. 259, 285-86

(2000); Roe v. Flores-Ortega, 528 U.S. at 476-77.  If the Court finds there has been deficient performance, it must examine the merits of the claim omitted on appeal.  If the omitted claim would have had a reasonable probability of success on appeal, then the deficient performance resulted in prejudice.  Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997).  Nonmeritorious claims which are not raised on direct appeal do not constitute ineffective assistance of counsel.  Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1144-45 (11th Cir. 2005).

## B. Evidentiary Hearing Principles

Petitioner asserts that the cumulative effect of the attorneys' errors requires an evidentiary hearing.  (Cv. Doc. #1, p. 9.)  A district court shall hold an evidentiary hearing on a habeas petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . " 28 U.S.C. § 2255(b).  "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (internal quotation marks and citation omitted).  However, a "district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." Id. at 715. See also Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir.

-6-

2008).  Here, even when the facts are view in the light most favorable to petitioner, he has not established that either trial counsel or appellate counsel provided constitutionally ineffective assistance. Therefore, the Court finds that an evidentiary hearing is not warranted in this case.

## C.  Application of Legal Principles to Claims Raised

Petitioner purports to raise five grounds for relief in his § 2255 motion (Cv. Doc. #1) and seven overlapping grounds for relief in his supporting Memorandum of Law (Cv. Doc. #7).  The Court is required to read a *pro se* petitioner's pleadings liberally, <u>Hughes v. Lott</u>, 350 F.3d 1157, 1160 (11th Cir. 2003), and the Court will address each argument in turn.

### (1) Failure to File Pretrial Motions:

Petitioner asserts that his trial counsel provided ineffective assistance by failing to file any pretrial motions.  Petitioner asserts that counsel should have filed a motion for discovery, a motion for Rule 404(b) material, a motion for <u>Brady/Giglio</u> material, a motion to compel agents to preserve rough notes, a motion for the identity of confidential informants and equal access for purposes of interview, a motion for severance, and a motion to dismiss the indictment for want of sufficiency.  Such motions, petitioner argues, were critical for development and evaluation of the strengths and weaknesses of the government's case and would

have aided the defense in trial preparation and in plea negotiations. (Cv. Doc. #1, p. 5; Cv. Doc. #7, pp. 6, 23.)

The court file reflects that the Court entered a wide-ranging Criminal Scheduling Order (Cr. Doc. #140) requiring the disclosure of discovery, Federal Rule of Evidence 404(b) information, Brady[2] and Giglio[3] material, and the preservation of the agent's rough notes. The government provided full and open discovery (Cr. Doc. #142) pursuant to the Court's Criminal Scheduling Order. Prior to trial, the government filed a Government's Witness Summary (Cr. Doc. #161) as to its expert witnesses, an amended bill of particulars as to forfeiture of property (Cr. Doc. #168), an exhibit list (Cr. Doc. #175) and a witness list (Cr. Doc. #176). Plea agreements by the other co-defendants were in the court file. (Cr. Docs. ## 81, 90.) There was simply no need for trial counsel to file additional motions seeking any of the materials petitioner now asserts should have been sought. Additionally, as discussed below, there would have been no merit to a motion for severance or a motion to dismiss, and petitioner fails to argue what evidence should have been suppressed or why. The Court finds that petitioner has established neither deficient performance nor prejudice based upon trial counsel's failure to file pretrial motions.

---

[2]Brady v. Maryland, 373 U.S. 83 (1963).

[3]Giglio v. United States, 405 U.S. 150 (1972).

### (2)   Failure to Challenge Sufficiency of the Indictment:

Petitioner argues that his trial counsel provided ineffective assistance by failing to challenge the sufficiency of the Superceding Indictment either pretrial or post-trial. (Cv. Doc. #1, p. 6; Cv. Doc. #7, pp. 6-7.)  For the reasons set forth below, the Court disagrees.

The Federal Rules of Criminal Procedure provide that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1).  "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974).  It is generally sufficient for an indictment to track the language of the statute as long as the statute "'fully, directly and expressly, without any uncertainty or ambiguity, set[s] forth all the elements necessary to constitute the offense intended to be punished.'" United States v. Ramos, 666 F.2d 469, 474 (11th Cir. 1982) (quoting United States v. Carll, 105 U.S. 611, 612 (1882)).  However, "[e]ven when an indictment tracks the language of the statute, it

-9-

must be accompanied with a statement of facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." <u>United States v. Schmitz</u>, 634 F.3d 1247, 1261 (11th Cir. 2011) (quotation marks omitted).

Count One of the Superseding Indictment, the only count on which petitioner was convicted, provides as follows:

> From a date unknown, but at least by, in, or about September 2001, through and including May 17, 2005, in Lee County, in the Middle District of Florida and elsewhere, CARLOS ANDRES GONZALEZ, a/k/a "Andy," and FIDEL GONZALEZ a/k/a "Fidelito", the defendants herein, did knowingly and willfully combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury, to possess with intent to distribute more than one thousand (1000) marijuana plants, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vii). All in violation of Title 21, United States Code, Section 846.

(Cr. Doc. #73, p. 1.) Consistent with Fed. R. Crim. P. 7(c)(1), Count One is a plain, concise, and definite written statement of the essential facts constituting the offense charged. Count One cited the applicable statutes that petitioner is alleged to have violated, tracked the language of the statute, and set forth all the elements of the offenses. Additionally, Count One specified the time frame, location, some of the participants, and the controlled substance involved in the alleged offense. Count One

was sufficient to inform petitioner of the specific offense with which he was charged.[4]

The Court finds that counsel's decision not to challenge the sufficiency of the Superseding Indictment was not deficient performance because a motion to dismiss Count One would have been without merit.  As discussed above, an attorney is not required to file a meritless motion in order to provide effective assistance of counsel.

Petitioner's Memorandum of Law also seems to suggest that he is now moving to dismiss for lack of jurisdiction/failure to state an offense.   To the extent petitioner is moving to dismiss the Superceding Indictment, the motion is dismissed as untimely and alternatively denied as without merit.

Under Fed. R. Crim. P. 12(b)(3)(B), a motion to dismiss asserting that the indictment fails to invoke the court's jurisdiction or to state an offense must be filed "at any time while the case is pending."  A case is no longer "pending" for the purposes of Rule 12(b)(3)(B) once the mandate has issued in the direct appeal. <u>United States v. Elso</u>, 571 F.3d 1163, 1166 (11th Cir. 2009).  The mandate in this case was issued on August 12, 2008 (Cr. Doc. #257), and therefore the Court lacks jurisdiction to consider a post-conviction motion to dismiss.   Alternatively, a

---

[4]Although petitioner was not convicted of Count Two, the Court finds that it too was constitutionally sufficient.

motion to dismiss would be denied as without merit for the same reasons set forth above – the Superceding Indictment states an offense and confers jurisdiction on the district court.

**(3) Considering Acquitted Conduct:**

Intermingled with petitioner's sufficiency of the indictment claim is an assertion that trial counsel provided ineffective assistance by failing to object when petitioner was held accountable for marijuana plants associated with Count Two, the count for which he was acquitted.  (Cv. Doc. #1, p. 6.) Additionally, intermingled with his failure to make a Rule 29(a) motion issue is the claim that trial counsel provided ineffective assistance by not arguing that the 100 marijuana plants from the acquitted count should have been subtracted from the Count One plants, leaving only 916 plants and subjecting petitioner to a lesser mandatory minimum sentence.  (Cv. Doc. #1, p. 8.)

At the time of sentencing, the law was clear that a defendant could be held accountable for acquitted conduct if the conduct was proved by a preponderance of the evidence and the sentence does not exceed the statutory maximum authorized by the jury's verdict. United States v. Duncan, 400 F.3d 1297, 1304 (11th Cir. 2005); United States v. Hamaker, 455 F.3d 1316, 1336 (11th Cir. 2006); United States v. Faust, 456 F.3d 1342, 1348 (11th Cir. 2006).  The jury found beyond a reasonable doubt that the conduct in Count Two was committed by the co-defendant, and the Court found that the

marijuana in Count Two was relevant conduct committed in furtherance of the conspiracy charged in Count One. Because the record evidence supports that finding, trial counsel did not provide ineffective assistance by failing to object to the consideration of the Count Two marijuana in the calculation of the amount of marijuana attributable to petitioner.

**(4) Failure to Move for Judgment of Acquittal:**

Petitioner argues that his trial counsel provided ineffective assistance by failing to move for judgment of acquittal at the conclusion of the government's case based upon the government's failure to prove more than 1,000 plants, and that appellate counsel should have pursued the matter on appeal. Petitioner argues that if such a motion had been made, the sufficiency of the evidence would have been reviewed on appeal under an abuse of discretion standard, instead of the stricter standard actually utilized by the appellate court (Cv. Doc. #1, p. 8; Cv. Doc. #7, pp. 5, 8-9.)

As discussed before, an attorney need not make a meritless motion in order to provide effective assistance. A Rule 29(a) motion at the conclusion of the government's case may only be granted if "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The evidence is viewed in the light most favorable to the government and all reasonable inferences are drawn in favor of the jury's verdict. United States v. Gari, 572 F.3d 1352, 1359 (11th Cir. 2009) (citing United States v. Dulcio, 441

F.3d 1269, 1276 (11th Cir. 2006)).  The trial court's inquiry is whether a reasonable fact-finder could determine that the evidence proved that the defendant is guilty beyond a reasonable doubt. <u>Id.</u> (citing <u>United States v. Smith</u>, 459 F.3d 1276, 1286 (11th Cir. 2006)).

In this case, defense counsel did not make a motion for judgment of acquittal, but such a motion would have been a futile effort both in the district court and the appellate court.  The jury heard testimony from Gilberto Perez, Jose Hernandez, Osvaldo Alonso, Carlos Hernandez, and Ignacio Carbajal regarding the quantity of marijuana plants involved in the conspiracy.  Based upon this evidence, a reasonable jury could have determined, and ultimately did determine, that petitioner was guilty beyond a reasonable doubt of conspiring to possess with intent to distribute more than 1000 marijuana plants.

Even if preserved in the district court, the sufficiency of the evidence would have been reviewed on appeal under the *de novo* standard, with the appellate court viewing the evidence in the light most favorable to the Government, and determining whether a rational juror could have found defendant guilty beyond a reasonable doubt.  <u>Gari</u>, 572 F.3d at 1359.  Under this standard, the appellate court leaves a jury "free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial, [ ] and the court must accept all reasonable inferences

and credibility determinations made by the jury." <u>United States v.</u>
<u>Sellers</u>, 871 F.2d 1019, 1021 (11th Cir. 1989) (citations omitted).
Under a *de novo* standard, the denial of a motion for judgement of
acquittal would have been upheld.  As the Eleventh Circuit noted,
the witnesses' testimony "established that [Petitioner] assisted in
the cultivation of over 1000 marijuana plants in homes located in
Homestead, Miami, and Cape Coral." <u>Gonzalez</u>, 279 F. App'x at 811.

Because a motion for judgment of acquittal was without merit,
would have been denied by the district court, and the denial would
have been upheld on appeal under a *de novo* standard of review, the
Court finds that no deficient performance or prejudice resulted
from trial counsel's failure to make such a motion.  This claim is
therefore without merit.

**(5) Failure to Proffer Defense with Rebuttal Witnesses:**

Intermingled with his Rule 29(a) motion, petitioner asserts
that "Trial counsel failed to proffer a case-in-chief for the
defense with rebuttal witnesses."  (Cv. Doc. #1, p. 8.)  Nothing
further is discussed regarding this point, and petitioner has
failed to establish a factual predicate for any such claim other
than the issues discussed elsewhere.

**(6) Failure to Challenge Forfeiture Money Judgment:**

Petitioner challenges the amount of the money judgment, and
argues that both trial and appellate counsel provided ineffective
assistance by failing to argue that the money judgment was invalid

because it was based upon the acquitted conduct, and to argue against a determination by the court and not the jury as to the amount and value of the marijuana. (Cv. Doc. #1, p. 8; Cv. Doc. #7, pp. 6, 23-24.)

A challenge to restitution is not cognizable in a § 2255 proceeding because "a successful challenge to the restitution part of his sentence would, in no way, provide relief for the physical confinement supplying the custody necessary for federal habeas jurisdiction." Arnaiz v. Warden, 594 F.3d 1326, 1329 (11th Cir. 2010). See also Mamone v. United States, 559 F.3d 1209 (11th Cir. 2009). Similarly, a challenge to a forfeiture money judgment is not cognizable in a § 2255 proceeding. Saldana v. United States, 273 F. App'x 842 (11th Cir. 2008); United States v. Finze, 428 F. App'x 672, 677 (9th Cir. 2011)(citing Mamone). Therefore, this portion of the § 2255 motion is dismissed.

Alternatively on the merits, the Court finds that forfeiture is a matter for the court to determine, not the jury, Fed. R. Crim. P. 32.2(b)(1)(A), and that sufficient evidence was presented to support the forfeiture money judgment. Therefore, there was no ineffective assistance of counsel. At sentencing, the Court found that 430 pounds was a reasonable, conservative estimate of the marijuana that was harvested during the course of the conspiracy and that $3,000 was a reasonable value of the marijuana. (Cr. Doc. #234, p. 35.) Based upon these figures, the Court entered a money

-16-

judgment of $1,290,000 against Petitioner. (Cr. Doc. #234, p. 35.) The Court's determination was based upon the marijuana involved in the conspiracy, and the Court had the authority to determine the money judgment. Fed. R. Crim. P. 32.2(b)(1)(A), (B). Neither trial counsel nor appellate counsel provided ineffective assistance with regard to the forfeiture.

(7)    **Failure to Challenge Leader-Organizer Enhancement:**

Petitioner argues that the government failed to prove his role as leader-organizer, and that trial counsel and appellate counsel provided ineffective assistance by failing to properly challenge the leader-organizer enhancement[5] prior to and at the time of sentencing. Because of this, petitioner asserts he was not eligible for "safety valve" consideration and received an additional 69 months of imprisonment.    (Cv. Doc. #1, p. 9; Cv. Doc. #7, pp. 5, 12-21).

The record establishes, and petitioner concedes (Cv. Doc. #7 p. 12), that counsel objected to the leader-organizer enhancement prior to and at the time of sentencing.   Counsel filed Objections to Presentence Investigation Report which states,

> Mr. Gonzalez objects to the adjustment for role enhancement in the computation of his total offense level.  The PSR alleges that Mr. Gonzalez was an organizer or leader of the criminal

---

[5]"If [a] defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive," then the district court must increase the defendant's offense level by four levels.  U.S. Sentencing Guidelines Manual § 3B1.1(a).

> activity and enhanced the offense level by 4 levels.   Mr. Gonzalez submits that the verdicts of jury and the lack of credible testimony or other evidence do not support the enhancement.

(Cr. Doc. #214, p. 3.)  Furthermore, during the sentencing hearing, counsel objected to the leader-organizer enhancement and argued that the evidence did not support the enhancement. (Cr. Doc. #234, pp. 8-10.)  The Court overruled Petitioner's objection based upon the evidence presented at trial and sentencing, and explicitly determined that the four-level leader-organizer enhancement applied. (Id., pp. 11-19.)  Petitioner's complaint is not with the performance with his attorneys, but with the Court's ruling (Cv. Doc. #7, pp. 12-20).  The Court finds no ineffective assistance of counsel as it relates to the leader-organizer enhancement.

Petitioner also argues that appellate counsel was ineffective for failing to raise the leader-organizer enhancement on appeal. The Eleventh Circuit reviews the determination that a defendant was entitled to a role enhancement under U.S. Sentencing Guidelines Manual § 3B1.1 for clear error. United States v. Cerpas, 397 F. App'x 524, 525-26 (11th Cir. 2010) (citing United States v. Ramirez, 426 F.3d 1344, 1355 (11th Cir. 2005)).  In this case, the Court applied the factors enumerated in the United States Sentencing Guidelines, as well as the factors enumerated in United States v. Rendon, 354 F.3d 1320, 1331-32 (11th Cir. 2003), in determining that the leader-organizer enhancement applied. (Cr. Doc. #234, pp. 18-19.)  While petitioner disagrees, and asserts

that the government's proof is unsubstantiated, the Court found otherwise and that finding is amply supported by the record. Appellate counsel did not provide ineffective assistance by failing to raise this as an issue on appeal.

**(8)  Relevant Conduct Advice:**

Petitioner argues that he was not advised pretrial as to how relevant conduct would be used to calculate his ultimate sentence. (Cv. Doc. #1, p. 9.)  Nothing further is alleged as to this issue, and there is no showing of ineffective assistance of counsel. Under the circumstances of this case, counsel had no obligation to discuss the nuances of the relevant conduct Sentencing Guidelines with petitioner prior to trial.

**(9)  Failure to Challenge the Verdict Form:**

In a footnote, petitioner argues that counsel was ineffective for failing to challenge the verdict form.  (Cv. Doc. #7, p. 9 n.18.)  Petitioner also alleges that the verdict form was prejudicial because it effectively guaranteed that the jury would find that the conspiracy involved the threshold quantity of 1000 marijuana plants. (Cv. Doc. #13, pp. 2-3.)

The jury was instructed that if it found petitioner guilty of conspiring to possess with intent to distribute marijuana plants, it was then to determine the quantity of marijuana plants involved in the conspiracy.  As to the quantity, the verdict form provided that:

We the Jury, having found <u>Fidel Gonzalez</u> guilty of the offense charged in Count One unanimously find beyond a reasonable doubt that this offense involved the following number of marijuana plants:

_____     more than **1000** marijuana plants; <u>or</u>

_____     **1000** or less marijuana plants

(Doc. Cr. #191, pp. 1-2) (emphasis added).  The jury found that the offense involved more than 1000 marijuana plants.  Petitioner argues that the verdict form was incorrect because the statute provides for an increased mandatory minimum sentence for "1000 or more" marijuana plants, not "more than 1000" plants.  21 U.S.C. § 841(b)(1)(A)(vii).

Petitioner is correct that § 841(b)(1)(A)(vii) provides for an enhanced statutory mandatory minimum for "1,000 or more marijuana plants regardless of weight; . . ."  21 U.S.C. § 841(b)(1)(A)(vii).  While the statute only required the government to prove 1,000 plants (or more), Count One of the Superceding Indictment alleged "more than one thousand (1000) marijuana plants."  (Cr. Doc. #73.)  Having alleged one more plant than required by the statute, the government was required to prove that quantity and the verdict form accurately reflected that assumed burden.  Additionally, nothing about the verdict form directed the jury to determine which of the two options were appropriate.  Counsel did not provide ineffective assistance of counsel by failing to challenge the verdict form.

**(10) Denial of Petitioner's Constitutional Right to Testify:**

-20-

Petitioner argues that he did not know the decision as to whether he would testify was his to make, that his counsel instructed him not to testify on his own behalf, that such an instruction "goes beyond the pale of proper advocacy," and that "there is every reason to believe that the jury would have acquitted" him if he had testified. (Cv. Doc. #7, pp. 5, 10-11.) In support of this argument, Petitioner signed a Sworn Declaration in Support of Pro Se Motion to Vacate Pursuant to 28 U.S.C. § 2255 which states that "at all times relevant I was instructed by attorney Rene Sotorrio that I could not testify at trial or speak at sentencing in my own behalf even though I requested to do so many times." (Cv. Doc. #7, Exh. #2.)   Furthermore, the Sworn Declaration states that, "at all times relevant, attorney Sotorrio made the decision [that I would not testify] alone and without [my] consent." (Cv. Doc. #7, Exh. #2.)   Petitioner's own Memorandum of Law, however, states that his "counsel instructed [Petitioner] that he could not testify **on pain of damaging his defense**."   (Cv. Doc. #7, p. 10)(emphasis added).

The record establishes that Petitioner was specifically advised by the Court of his right to testify.   During trial on March 20, 2007, the Court instructed petitioner and his co-defendant that,

> you each have an absolute right to testify on your own behalf. You also each have the right not to testify. The choice is up to each of you, individually. Your lawyers can give you their best advice and recommendation, but, ultimately, it's up to

you to each decide, for yourself, whether you wish to testify or not.

(Cr. Doc. #208, p. 935.)  When asked if he understood, Petitioner responded, "Yes." (Id., p. 936.)  On March 21, 2007, after defense counsel announced that he would rest without calling defendant to testify, the Court had the following exchange with defendant:

> THE COURT: Your attorney has indicated that you will be resting without testifying, yourself, or calling any other witnesses.  Is that your decision?
>
> FIDEL GONZALEZ(Via Interpreter): Yes, sir.
>
> THE COURT: It's your own, independent decision not to testify on your own behalf in this case?
>
> FIDEL GONZALEZ (Via Interpreter): Yes, sir.

(Cr. Doc. #209, p. 1030.)  While petitioner argues that his statements to the Court were given only because his counsel told him to answer in such a way, the court is entitled to rely on petitioner's statements on the record.

**(11)  Failure to Move for Severance:**

Petitioner argues that trial counsel provided ineffective assistance by failing to move for severance from his co-defendant pursuant to Fed. R. Crim. P. 14, and that appellate counsel provided ineffective assistance by failing to raise this issue on appeal.  Petitioner argues that his trial should have been severed because he shared the last name "Gonzalez" with the co-defendant and, as a result, evidence presented against the co-defendant

prejudicially "spilled over" against petitioner.  (Cv. Doc. #7, p. 5, 21-23.)  Petitioner's claim is without merit.

The Eleventh Circuit has held that defendants who are jointly indicted should be tried together, particularly in conspiracy cases. <u>United States v. Brooks</u>, 270 F. App'x 847, 849 (11th Cir. 2008) (citing <u>United States v. Baker</u>, 432 F.3d 1189, 1236 (11th Cir. 2005)).  Federal Rule of Criminal Procedure 14 provides that,

> If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).  "'[C]autionary instructions to the jury to consider the evidence separately are presumed to guard adequately against prejudice.'" <u>United States v. Francis</u>, 131 F.3d 1452, 1459 (11th Cir. 1997) (citation omitted).

In this case, Petitioner and co-defendant were jointly indicted on the same conspiracy charge and their cases proceeded to trial together.  During trial, the jury was specifically instructed that,

> the case of each Defendant should be considered separately and individually. The fact that you may find any one or more of the Defendants guilty or not guilty of any of the offenses charged should not affect your verdict as to any other offense or any other Defendant.

(Cr. Doc. #193, p. 24.)  Petitioner fails to overcome the presumption that the jury followed the instruction.  Petitioner

fails to identify a single place in the record where there appears to be confusion about which evidence was presented against which defendant due to the shared last name.  Furthermore, while co-defendant Carlos Gonzalez was convicted of both counts, petitioner was convicted of Count One and acquitted of Count Two (Cr. Docs. ## 191, 192), thereby establishing a lack of prejudice to petitioner due to a joint trial with a co-defendant with the same surname. The Court finds that neither trial nor appellate counsel provided ineffective assistance of counsel with regard to severance.

### (12) Failure to File Separate Appellate Brief:

Petitioner argues that his appellate counsel provided ineffective assistance by not filing a separate brief on appeal from his co-defendant brother.  Petitioner asserts that the Eleventh Circuit opinion demonstrates "slop-over" confusion as to which Gonzalez perpetrated what conduct, resulting in the affirmance of his conviction.  (Cv. Doc. #1, p. 9; Cv. Doc. #7, p. 23.)

The decision of the court of appeals indicates no confusion of any kind resulting from the joint brief or the fact that both defendants have the same surname.  Indeed, the decision indicates just the opposite.  There was no ineffective assistance of appellate counsel because of a joint brief or consolidated appeal.

Accordingly, it is now

-24-

**ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #261) is **DENIED** as to all claims for the reasons set forth above, and is alternatively **DISMISSED** as to the motion to dismiss Superceding Indictment and the challenge to the forfeiture money judgment.

2. The Clerk of Court shall enter judgment accordingly, terminate any pending motions, and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); <u>Harbison v. Bell</u>,556 U.S. 180, 129 S. Ct. 1481, 1485 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) or, that "the issues presented were 'adequate to deserve

encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003)(citation omitted).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Fort Myers, Florida, this __25th__ day of October, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Petitioner
Counsel of Record